UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                               Case No. 2:93-CR-80302

v.                                           HON. VICTORIA A. ROBERTS

D-1    CLARA MAE CHILDS,

       Defendant.
_____/

## OPINION AND ORDER DISMISSING DEFENDANT'S MOTION TO EXPUNGE HER CONVICTION

**I. INTRODUCTION**

In 1994, Childs pled guilty to embezzlement of bank funds in the United States District Court for the Eastern District of Michigan, Southern Division. On November 30, 2010, Defendant Clara Mae Childs filed this motion to expunge her conviction. (Doc. #6).

The Court **DISMISSES** this motion; it lacks subject matter jurisdiction.

**II. BACKGROUND**

Defendant pled guilty to embezzling funds from her employer, First State Bank, in 1994. Childs was sentenced to four months in prison and served her time. There is no indication that Defendant had any subsequent interaction with the law.

Defendant, acting *in pro per*, moves to expunge this conviction; she relies on the equitable power of this Court. She contends that federal district courts have the inherent power to expunge criminal records in appropriate circumstances. Defendant

1

argues that expungement is appropriate because she was materially harmed by her criminal record; she says she was denied specific job opportunities.

The Government argues that federal courts lack jurisdiction to expunge federal criminal convictions. (Doc. #7). It claims that even if the Court decided it has jurisdiction, the Court should decline to exercise it. The Government contends that expungement is an extraordinary exercise of the Court's inherent equitable power. The Government claims, too, that expungement is not appropriate since it is reserved for rare and extreme circumstances. Childs contends that she demonstrates extraordinary circumstances. The Government also argues that expungement is against public policy.

### III. STANDARD OF REVIEW

Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "As courts of limited jurisdiction, federal courts possess only that power authorized by Constitution and statute, and may not expand that power by judicial decree." *United States v. Lucido,* 612 F.3d 871, 873 (6th Cir. 2010) (citing *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994) (internal quotations omitted)). The burden of establishing jurisdiction rests on the party asserting jurisdiction. *Kokkonen,* 511 U.S. at 377.

### IV. APPLICABLE LAW AND ANALYSIS

Defendant Childs relies on *United States v. Doe* and *United States v. Carey,* for her argument that federal courts have the inherent equitable power to expunge federal criminal convictions in appropriate cases. *United States v. Doe*, 556 F.2d 391 (6th Cir.

1977); *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010). As the Government correctly notes, *United States v. Lucido* supercedes those cases, and held that the relevant language in both *Doe* and *Carey* was merely dicta. *See United States v. Lucido,* 612 F.3d 871 (6th Cir. 2010). The Government argues that *Lucido* clearly holds that federal courts lack jurisdiction to expunge criminal convictions.

In *Lucido*, the defendant had been indicted in two separate federal cases, and was acquitted of all charges in both cases. *Id.* at 872-873. Lucido filed a motion to expunge all records of those proceedings in the possession of the Federal Bureau of Investigation (FBI). *Id.* The district court denied Lucido's motion on the merits, but the Sixth Circuit vacated the district court's orders and remanded the case to be dismissed for lack of jurisdiction. *Id.*

After thoroughly analyzing possible grounds for jurisdiction, the *Lucido* court found that federal courts lack jurisdiction over motions to expunge criminal records. *Id.* at 873-875. *Lucido* addressed (1) whether the court's authority over the original criminal cases directly provided jurisdiction, (2) whether any federal statute directly empowers the district court to entertain it, or (3) if 28 U.S.C. § 3231 indirectly empowers the district court to entertain expungement motions. *Id.*

While recognizing the statement in *Doe* that "[i]t is within the inherent equitable powers of a federal court to order expungement of a record in an appropriate case," *Lucido* said that *Doe* did not cite to any authority. *Lucido,* 612 F.3d at 876. *Doe* went on to decline to expunge the records in question. *Doe*, 556 F.2d at 391.

Importantly, however, there were statutory grounds for jurisdiction in *Doe*; the court was asked to decide whether youthful convictions set aside under the Youth

Corrections Act, 18 U.S.C. § 5021(b)(repealed 1984), should also be expunged. *Id.* Defendant here does not raise a statutory claim.

Childs also relies on *Carey*, which ostensibly cites to *Doe* when it states that "[a]n order on a motion to expunge a conviction is within the equitable jurisdiction of a federal court." *Carey*, 602 F.3d at 740 (citing to *Doe* in the next sentence). However, in a preceding section on jurisdiction, the *Carey* court said that "[t]he district court had subject matter jurisdiction under 28 U.S.C. § 1331 because Carey raised constitutional claims in support of his Motion for Expungement." *Id.* at 739. Defendant Childs does not raise a constitutional claim. Also, like *Doe* and *Lucido, Carey* declined to expunge the conviction. *Id.* at 740-742.

Childs argues that *Lucido* is not applicable because "Lucido [was] not asking the court to remove records of its own proceedings." *Lucido*, 612 F.3d at 875. Childs contends that *Lucido's* holding is limited, since the court specifically said "that federal courts lack ancillary jurisdiction to consider expungement motions directed to the executive branch." *Id.* Childs also notes that *Lucido* relied heavily on *Kokkonen,* whose holding is allegedly limited as well, according to Childs. *See Kokkonen,* 511 U.S. at 377. Childs argues that *Kokkonen* is not applicable because it discussed ancillary jurisdiction "in the context of whether the court had jurisdiction to enforce a settlement agreement after the underlying case had been dismissed pursuant to Federal Rule of Civil Procedure 41." (Doc. #8 at 3). However, Childs does not cite to any case in which a federal court expunged the record of a valid federal criminal conviction.

The only federal case either party cites in which a criminal record was actually expunged, is *Ward v. Wolfenbarger*. *See Ward v. Wolfenbarger*, 340 F.Supp. 2d 773

4

(E.D.Mich 2004). In *Ward*, the court expunged petitioner's *state* criminal conviction in a habeas corpus proceeding, when it decided that petitioner's constitutional rights were violated. *Id.* The court held that Ward was deprived of his Sixth Amendment right to the assistance of counsel on appeal because he was not advised on the record by the state trial court of his right to appeal or his right to the appointment of appellate counsel. *Id.*

*Ward* is distinguishable; it involved a state criminal conviction, Ward's constitutional rights were violated, and it was a habeas corpus proceeding. *Id.* at 776-777. None of these circumstances is present in Childs' case.

Defendant Childs fails to cite any authority suggesting that a federal district court has jurisdiction to expunge a valid federal criminal conviction. The Court has no jurisdiction to expunge Childs's conviction, and since the Court lacks jurisdiction, it does not reach Defendant's other arguments.

## IV. CONCLUSION

For the reasons stated, the Court **DISMISSES** Defendant's motion to expunge her criminal conviction for lack of jurisdiction.

**IT IS ORDERED.**

                                       /s/ Victoria A. Roberts
                                       Victoria A. Roberts
                                       United States District Judge

Dated: February 28, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and Clara Mae Childs by electronic means or U.S. Mail on February 28, 2011.
>
> s/Linda Vertriest
> Deputy Clerk